[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action to vacate an arbitration award. There is also an application made by the defendant, Norwalk Board of Education, to confirm the award. The defendant had terminated the employment of an employee after learning, through a background check, that he had misrepresented on his job application that he had never been convicted of a crime and there were no criminal charges pending against him at the time of the application. In fact, the employee had been convicted of a crime and indeed was CT Page 3873 on probation when he signed the job application.
The plaintiff claims that because the defendant violated C.G.S. § 10-221d by not conducting a criminal history record check within 90 days from the day of employment, the defendant had no right to terminate the Union member's job. The background check was performed after the 90 days had expired, and some two years later. The defendant does not interpret 10-221 d so as to place a time limit on the Board of Education's right to terminate an employee who has falsified his application. In his application the employee acknowledged that false statements would be considered sufficient cause for dismissal.
The court has reviewed the submission to the arbitrators, the arbitrators award and memorandum of decision, the memoranda of law of the parties, and has heard oral argument.
The plaintiff claims that the award was in manifest disregard of the law and against public policy, because the arbitrators ignored the provisions of C.G.S. § 10-221d. On the contrary, the arbitrators considered § 10-221d and made an interpretation of it, which was not the same interpretation as that of the plaintiff.
The court, in examining the award, finds that it conforms to the submission. In such a case, the office of the court is not to determine whether the arbitrators made a mistake of fact or law. Indeed, the court finds the arbitrators interpretation of the statute to be wholly reasonable and correct. Neither does the court find that the award violates public policy in any way. There is no defect in the award that would justify an order vacating it; the arbitrators have not exceeded their powers or so imperfectly executed them that a mutual, final and definite award was not made. See C.G.S. § 52-418 (a)(4); see also SaturnConstruction Co., Inc., v. Premier Roofing Co., Inc.,238 Conn. 293, 680 A.2d 1274 (1996); Garrity v. McCaskey,223 Conn. 1, 612 A.2d 742 (1992).
The plaintiff's application to vacate the arbitration award is denied. The defendants application to confirm the award is granted. CT Page 3874
So Ordered.
D'ANDREA, J.